IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-00121-LPR |
| | ) | |
| ZACHARY HUNTER ALEXANDER | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Assistant United States Attorney John Ray White, respectfully submits the following sentencing memorandum.

**I.      BACKGROUND**

On May 3, 2022, the Grand Jury for the Eastern District of Arkansas returned an Indictment charging Mr. Alexander with Bank Fraud, Selling a Stolen Firearm, and Extortion Under Color of Official Right. Pursuant to a plea agreement with the United States, Mr. Alexander pled guilty to Count 2 (Selling a Stolen Firearm) and Count 6 (Extortion) of the Indictment on August 14, 2023, and the other counts remain pending.

The facts underlying the charges pending against Mr. Alexander are fairly summarized in the Presentence Report (PSR). What is apparent from the conduct outlined in the PSR is that Mr. Alexander persistently used his position in Stone County and its surrounding area to steal money. He used misrepresentations and falsehoods in an effort to deflect responsibility and to try to justify his actions. His victims include Stone County itself, the Stone County Sheriff's Office, a city police officer, local business owners, and local financial institutions.

After Mr. Alexander's guilty plea was accepted, this Court directed the United States Probation Office to prepare a PSR. In calculating the total offense level to be used in determining

1

the applicable range under the United States Sentencing Guidelines (U.S.S.G.), the PSR focuses on the Extortion count because it has the higher adjusted offense level. It applies a two-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(1) because more than one extortion occurred. (PSR, at ¶ 28). The PSR applies a separate four-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(3) because Mr. Alexander was a public official in a high-level decision-making or sensitive position. (PSR, at ¶ 29).

The United States anticipates that evidence presented at the sentencing hearing will result in an additional six level adjustment to his offense level because the loss attributable to his criminal conduct is in excess of $40,000. U.S.S.G.§ 2B1.1(b)(1)(D)

Assuming that is correct, Mr. Alexander's adjusted offense level would be 26 before acceptance of responsibility, and, assuming he is awarded the third point, 23 ultimately. It appears that his criminal history category will be I. A combination of 23/I results in an advisory guideline range of 46-57 months imprisonment.

In the sentencing memorandum that Mr. Alexander filed with the Court, he has argued that his military service and mental injuries make it appropriate for the Court not to sentence him to prison. He also requests that this Court sentence him instead to a term of home detention. For the following reasons, the United States respectfully requests that this Court determine the loss attributable to Mr. Alexander's conduct is in excess of $40,000, apply the appropriate offense level adjustment, and sentence him to a term of imprisonment within the Guidelines range determined at sentencing.

**Mr. Alexander's Submitted Statement**

Mr. Alexander's statement that he submitted contains a significant number of alleged facts. There is some reason to believe that the facts Mr. Alexander has alleged are not entirely accurate.

That is, to the extent Mr. Alexander intends to go beyond an expression of remorse over his conduct and asks the Court to take the facts in his statement for the truth, he should present evidence of those facts, either by documentation or his own sworn testimony subject to cross-examination, or both.

## II.  SENTENCING CONSIDERATIONS

The United States considers a sentence within the Guidelines range is appropriate in this case. Among the statutory facts listed in 18 U.S.C. § 3553(a), that are to be considered in imposing a sentence are the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further crimes by the defendant, and provide the defendant with needed training and treatment. The United States respectfully submits that these factors weigh in favor of a Guidelines sentence in this case.

Here, Mr. Alexander stole money from more than one victim over approximately 16 months (nearly three years if the 2021 bank frauds are included). This case does not involve an isolated incident. Mr. Alexander used more than one device to steal money over this period. In doing so, he stole over $50,000 from the county, over $5,000 from a non-profit established specifically to help the sheriff's office, used more than one small business owner to facilitate his theft, and committed bank fraud in excess of $100,000. Imposing a term of imprisonment below the Guidelines range would not reflect the seriousness of the offense, nor would it afford adequate deterrence or serve to protect the public from further crimes by Mr. Alexander. In consideration of the required factors, the United States believes a sentence within the Guidelines range is appropriate, and it requests that this Court impose such a sentence in this case.

### Nature and Circumstances of the Offense

It is not clear that the banks would have deferred to Mr. Alexander's check-kiting and

eventual bank fraud had he not been in a position of authority in the community, whether by virtue of his family's presence, his father's positions, or his own. He took advantage of friends and relatives to facilitate his extortion in ways he never could have had he not held the position of chief deputy in the sheriff's office. His position of responsibility permitted him to present financial requests to the Sheriff's Foundation that a regular citizen, or even a sheriff's deputy without a position of authority, would ever have had the discretion to present. Yet twice he used that position to steal from the Sheriff's Foundation.

### **Deterrence**

Specific and general deterrence are factors that the law considers relevant in determining an appropriate sentence. In this case, many people in the area of Stone County, Arkansas are aware of Mr. Alexander's conduct, his military service, his service as a law enforcement officer, and his father's service as a law enforcement officer. While these facts on the surface may suggest he ought not be sentenced to a term of imprisonment, that is the exact opposite inference that should be drawn. Positions of honor and trust are widely known…and honored…and trusted. The violation of that trust and honor ought to weigh more heavily, that person ought appropriately be held to a higher standard.

The perception of the people in and around Stone County – if Mr. Alexander is not imprisoned – will be that "the people in power protect their own." A sentence of anything less than a guideline sentence of imprisonment will undermine the rule of law and the deterrent effect of justice. People in the area, from the County Judge to the sheriff to fellow law enforcement officers know exactly how Mr. Alexander abused his own position of authority and traded off his father's long-standing good reputation as a law enforcement officer, first for the Arkansas State Police and now as an elected sheriff.

The United States is not arguing that Mr. Alexander is as bad as he could be. Nor is it arguing that Mr. Alexander does not deserve the appreciation of its citizens for his service on behalf of the United States in its battles against its enemies. But the nature of Mr. Alexander's offenses still merit imprisonment. Mr. Alexander himself needs to know that his offense undermines the very authorities on whose behalf he fought. The citizens of the community deserve to see that abuse of a position of trust, particularly by a sworn law enforcement officer, is considered weighty in the assessment of justice.

**Wherefore**, the United States respectfully requests that this Court apply the sentencing enhancements that are applied in the PSR and that it impose a sentence within the applicable Guidelines range.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney


John Ray White
Arkansas Bar No. 91003
Assistant United States Attorney
425 W Capitol Ave, Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
John.White2@usdoj.gov